CITY OF NEW HAVEN ET AL. *v.* TOWN OF EAST HAVEN
ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 4—decision released June 12, 1979

*Charles G. Albom,* for the appellants (defendants).

*Henry L. Fisher,* for the appellees (plaintiffs).

PER CURIAM. The city of New Haven sued the town of East Haven to enjoin the latter from condemning certain property for an East Haven industrial park. The property at issue consists of three parcels of land located in East Haven but owned by New Haven as part of Tweed-New Haven Airport. This appeal follows from a judgment of permanent injunction in favor of the city of New Haven.

The parties have agreed that this case is governed by General Statutes § 8-193, under the provisions of which East Haven attempted to condemn the parcels of land in question. That section, which is part of chapter 132 of the General Statutes entitled "Municipal Development Projects," authorizes a municipality to "acquire by eminent domain" real property for a development plan approved by the state under other provisions of chapter 132. The trial court concluded that East Haven could not take the land by condemnation because the land was already devoted to an existing public use, and "[i]t is a gen-

eral rule of statutory construction, long recognized in Connecticut and other jurisdictions, that property already devoted to a public use by one municipality cannot be taken under eminent domain by another municipality 'where the proposed use will either destroy such existing use or interfere with it to such an extent as is tantamount to destruction . . . unless the legislature has authorized the acquisition either expressly or by necessary implication.' 1 Nichols, Eminent Domain (3d Ed.) § 2.2." The court found that the "existing public use" to which the land was already devoted was the reasonably foreseeable future expansion of Tweed-New Haven Airport, and that the proposed use as part of an industrial park would destroy the existing public use.

On appeal, the town of East Haven challenges a number of the trial court's findings concerning the airport's need for the property in question and the reason for the breakdown in peaceful negotiations between the two cities. We have reviewed all of the trial court proceedings, including East Haven's massive attack on the trial court's finding, and find each of the challenged findings to be supported by the evidence printed in the appendix to New Haven's brief. After considering the briefs and arguments of the parties, we have concluded that there is no error in the judgment from which the appeal was taken, and that the lengthy and detailed memorandum of decision filed by the trial court; *New Haven* v. *East Haven,* 35 Conn. Sup. 157; fully states and meets the arguments of the defendant. As it would serve no useful purpose to repeat them here, we adopt the trial court decision as a statement of the facts and the applicable law.

There is no error.