66346. LOYD et al. v. GEORGIA STATE HEALTH PLANNING & DEVELOPMENT AGENCY et al.

CARLEY, Judge.

Appellee Charter Medical-Bibb County, Inc., (Charter Medical) applied to the State Health Planning and Development Agency (SHPDA) for a certificate of need approving the construction of a new hospital in the Macon area. Under the State Health Planning and Development Act, OCGA § 31-6-1 et seq. (Code Ann. § 88-3301 et seq.), the hospital could not be built without such a certificate. Appellants, two low-income residents of Macon, opposed the construction of the new hospital. They participated in the SHPDA proceedings and submitted their comments and objections concerning the proposed facility. Nevertheless, SHPDA determined that the requested certificate would be issued to Charter Medical. Pursuant to the law then in effect, former OCGA § 31-6-47 (former Code Ann. § 88-3318), appellants sought an administrative review of SHPDA's decision before the State Health Planning Review Board (Review Board). The Review Board raised the issue of appellants' standing to seek such review. An evidentiary hearing was held, and the Review Board determined that appellants did not have the requisite standing to institute a review of the issuance by SHPDA of a certificate of need.

Appellants then timely filed a petition in the superior court

seeking a judicial review of the Review Board's ruling. The petition named SHPDA as the respondent. Charter Medical was subsequently allowed to intervene as an additional respondent. After a hearing, the trial court dismissed appellants' petition on two grounds. First, the court ruled that the petition for judicial review was fatally defective because it failed to name an indispensable party, the Review Board. This failure was further found to be a nonamendable defect. Second, the court ruled that appellants were not "parties" or "persons aggrieved" under the provisions of the Administrative Procedure Act, so that they lacked the requisite standing to challenge the decisions of SHPDA. This appeal is from the trial court's order dismissing appellants' petition.

We note at the outset that, while this appeal was pending, the statutory law governing certificates of need, OCGA Title 31, Chapter 6 (Code Ann. § 88-3301 et seq.), was repealed in its entirety and replaced by a new Chapter 6 (Code Ann. § 88-3301 et seq.). Ga. L. 1983, p. 1566. The claims of the parties herein must be determined in light of the new law, as no vested rights are involved. See *Alexander v. Blackmon,* 129 Ga. App. 214 (199 SE2d 376) (1973). " '[A] reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review . . .' *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) (1944)." *Houston v. Houston,* 156 Ga. App. 47, 48 (274 SE2d 91) (1980). See also *Hensel Phelps Constr. Co. v. Johnson,* 161 Ga. App. 631 (295 SE2d 843) (1982), rev'd on other grounds, *Johnson v. Hensel Phelps Constr. Co.,* 250 Ga. 83 (295 SE2d 841) (1982). For purposes of the instant appeal, the new enactment has no substantial modifying effect on the role of the Review Board, an issue discussed in Division 1 of this opinion. Compare OCGA § 31-6-44 (a), (g), (i) (Code Ann. § 88-3310) and former OCGA § 31-6-47 (former Code Ann. § 88-3318). However, OCGA § 31-6-44 (b) (Code Ann. § 88-3310), the statute which now controls the issue of standing, is markedly different from former OCGA § 31-6-47 (a) (former Code Ann. § 88-3318), as discussed in Division 2 of this opinion.

1. The original determination that appellants lacked standing to challenge SHPDA's decision was made by the Review Board. For that reason, appellees assert that the Review Board, rather than SHPDA itself, was the proper party respondent to appellants' petition for judicial review. This argument is premised upon the assertion that the Review Board was separate from and independent of SHPDA. As appellees point out, the two bodies were created by different statutes (former OCGA §§ 31-6-25 (Code Ann. § 88-3304) and 31-6-47 (b) (Code Ann. § 88-3318)), employed entirely different personnel, served different purposes, and rendered separate and

independent decisions. Moreover, since the Review Board could and did reverse decisions made by SHPDA, appellees contend that the two entities could not be viewed as one for purposes of appealing a decision made by either. Accordingly, appellees assert that the Review Board, as the body which made the decision by which appellants allegedly are aggrieved, was necessarily an indispensable party to the instant proceedings. Since the Board was not named as a party or served with process within the time limits prescribed by the Administrative Procedure Act (OCGA § 50-13-19 (Code Ann. § 3A-120)), appellees contend that the applicable statute of limitations has expired, and the courts are now without jurisdiction to allow appellants to amend their petition to name the proper respondent.

Contrary to appellees' contentions, and notwithstanding the different purposes and functions of SHPDA and of the Review Board, a view of the Review Board as a separate and distinct entity which is itself subject to participation in judicial appeals does not comport with the entire statutory scheme enacted to coordinate health services. Under both former OCGA § 31-6-47 (former Code Ann. § 88-3318) and current OCGA § 31-6-44 (Code Ann. § 88-3310), the Review Board is an appellate body whose function is *solely* adjudicatory. Since it is a quasi-judicial entity, "it would seem to be an inappropriate party to an appeal of its ruling in the superior court." *Judd v. Valdosta/Lowndes County Zoning Bd.,* 147 Ga. App. 128, 131 (248 SE2d 196) (1978). In other types of proceedings wherein judicial review of agency action is afforded — even though the particular procedures involved may differ from those at issue here — the adjudicatory body at the administrative level is not made a party to an appeal of its decisions to the superior court. See, for example, appeals from decisions of the State Personnel Board under OCGA § 45-20-9 (Code Ann. § 40-2207.1); appeals from awards of the State Board of Workers' Compensation under OCGA § 34-9-105 (Code Ann. § 114-710); appeals of tax decisions made by county boards of equalization under OCGA § 48-5-311 (Code Ann. § 91A-1449). See also Oil, Chemical & Atomic Workers Intl. Union v. Occupational Safety & Health Review Comm., 671 F2d 643 (D. C. Cir. 1982), wherein it was held that the Review Commission was not the proper party respondent in proceedings initiated to review its decision. In the above cited federal case, the court noted that the Review Commission was designed as an "independent adjudicator" with "no enforcement power." "The commission, like a district court, has no duty or interest in defending its decision on appeal. As a purely adjudicative entity, it has no stake in the outcome of the litigation. Accordingly, the OSHRC may not participate in this court to review the commission decision as a party respondent in proceedings

initiated by any party to the commission hearing." Oil, Chemical & Atomic Workers v. Occupational Safety and Health Review Comm., supra at 652.

We hold that SHPDA, and not the Review Board, was the proper party respondent to a petition seeking judicial review of a determination which, although made by the Review Board, became "the final agency decision" by virtue of former OCGA § 31-6-47 (b) (former Code Ann. § 88-3318). This determination is not affected by the enactment of the new health planning law. Even though OCGA § 31-6-44 (a) (Code Ann. § 88-3310) now refers to the Review Board as an "agency" separate and apart from the Health Planning Agency created by OCGA § 31-6-21 (a) (Code Ann. § 88-3304), the sole function of the Review Board remains the hearing of appeals from decisions of the planning agency. The decision of the Review Board is the "final administrative decision for purposes of judicial appeal." OCGA § 31-6-44 (g) (Code Ann. § 88-3310). Moreover, OCGA § 31-6-44 (i) (Code Ann. § 88-3310) provides that "[a]ny *party* to the appeal hearing [before the Review Board], including the planning agency, may seek judicial review of the [Review Board] panel's decision . . ." (Emphasis supplied.) The Review Board, as an adjudicatory body, does not participate in judicial appeals of its rulings.

In the instant case, the trial court erred in ruling that the Review Board was an indispensable party to the proceedings. Appellants filed their petition and served SHPDA in a proper and timely manner in compliance with the procedure prescribed in OCGA § 50-13-19 (b) (Code Ann. § 3A-120). The petition was not fatally defective for failure to name an indispensable party. Accordingly, any issue concerning the propriety of permitting an amendment to the petition to name the correct respondent is moot.

2. The trial court also ruled that appellants did not have standing to seek review of a decision of SHPDA under former OCGA § 31-6-47 (a) (former Code Ann. § 88-3318). That statute provided that "any person who qualifies as a 'party' or 'person aggrieved' under the 'Georgia Administrative Procedure Act' " had the right to a hearing before the Review Board to contest an agency decision to grant or deny a certificate of need. On appeal, appellants contend that they are "persons aggrieved," and thus have the requisite standing.

Regardless of the merits of appellants' argument under the former law, "persons aggrieved" no longer have standing to appeal under the 1983 State Health Planning and Development Act. Under OCGA § 31-6-44 (b) (Code Ann. § 88-3310), standing to appeal to the Review Board is limited to "[a]ny applicant for a project, or any

competing applicant, or any competing health care facility that has [given prior notice to the planning agency], or any county or municipal government in whose boundary the proposed project will be located." Since it is clear that appellants do not have standing to appeal to the Review Board under the applicable law, the ruling of the trial court is affirmed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 25, 1983 —
REHEARING DENIED NOVEMBER 15, 1983 —

*Phyllis J. Holmen, William J. Cobb,* for appellants.

*William E. Hoffmann, Jr., Julie A. Remter, Mark A. Hall, Robert W. Miller, Barry P. Allen, Assistant Attorney General,* for appellees.