69229. HEALTH HELP SERVICES OF GAINESVILLE, INC. v. STATE HEALTH PLANNING AGENCY et al.
(329 SE2d 628)

BEASLEY, Judge.
We granted Health Help Services of Gainesville, Inc.'s (Health Help) application for discretionary appeal from the trial court's order affirming appellee State Health Planning Review Board's (Board) decision upholding appellee State Health Planning Agency's (Agency) denial of Health Help's application for a certificate of need to operate a home health agency in Hall and several adjacent counties.

At the time of the Board's decision the Agency's rule to justify the approval of additional home health services was that: "Each ex-

isting home health agency or sub-unit within the service area has a current daily census of at least 300 patients." The parties and the lower court refer to this as the "300 rule." In acting on the Agency's decision denying Health Help's application the Board found that six of the seven existing home health agencies in the proposed service area reported a current daily census of less than 300 patients and, applying the 300-or-more patients rule and other rules, affirmed the decision of the Agency.

Review of the Board's decision by the trial court resulted in a finding that "there was substantial evidence to support the findings of the [Agency and Board] and that [their] application of the '300 rule' was not improper." *Held*:

1. On February 8, 1984, when the trial court entered its order denying Health Help's petition for review, the 300 rule no longer existed, having been repealed by the Agency on January 18, 1984.

It is well recognized that " ' "[a] reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review . . ." ' [Cits.]" *Loyd v. Ga. State Health Planning &c. Agency*, 168 Ga. App. 850, 851 (310 SE2d 738) (1983). Accord *Osteen v. Osteen*, 244 Ga. 445 (260 SE2d 321) (1979). The circumstances in *Loyd* were similar to the instant case in that while the appeal was pending, the statutory law governing certificates of need was repealed by another. We said "the claims of the parties herein must be determined in light of the new law, as no vested rights are involved." Id.

There being no vested rights involved under the Agency's 300 rule, the trial court erred in finding that the Board had properly applied the 300 rule as that rule no longer existed at the time of the finding. However, since the 300 rule became effective again March 19, 1984[1] and still exists,[2] its application by the Board, when viewed at this juncture, was in law not improper. Where the judgment of the lower court is right for any reason, it will be affirmed. *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 539 (307 SE2d 914) (1983). See especially *Lee v. Porter*, 63 Ga. 345, 346 (1879). Of course, if the judgment is based on an erroneous theory of law and the application of the correct theory could lead to a different judgment by the trial court, it must be reversed. *Smith v. Andrews*, 139 Ga. App. 380 (228 SE2d 320) (1976).

2. The remaining enumerations are not meritorious.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

---

[1] Emergency Rule 272-2-.015.

[2] (Permanent) Rule 272-2-.09 (11) (b) (2).

642

DECIDED MARCH 28, 1985 —
REHEARING DENIED APRIL 29, 1985 — 

*John H. Parker, Jr., Thomas D. Watry*, for appellant.
*James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Jeffrey C. Baxter, David C. Will, Assistant Attorneys General*, for appellees.