42274. GEORGIA POWER COMPANY v. CAMPAIGN FOR A PROSPEROUS GEORGIA.
(336 SE2d 790)

BELL, Justice.

This case is here on certiorari to the Court of Appeals. *Campaign For A Prosperous Ga. v. Ga. Power Co.,* 174 Ga. App. 263 (329 SE2d 570) (1985).

Campaign For A Prosperous Georgia (Campaign) filed a motion to intervene, pursuant to OCGA § 46-2-59,[1] in proceedings on an ap-

---

[1] OCGA § 46-2-59 provides in relevant part as follows:

"(a) In all proceedings before the commission, the parties to such proceeding shall consist of the affected applicant, any person who is permitted to intervene as provided in this Code section, and the Utility Finance Section established pursuant to Article 2A of this chapter."

"(e) The commission or hearing officer shall permit only the following persons to intervene:

(1) A person upon whom a statute confers an unconditional right to intervene;

(2) A person who demonstrates a legal, property, or other interest in the proceeding. In

plication by the Georgia Power Company (Georgia Power) to the Public Service Commission (PSC) for a rate increase. The PSC granted Campaign leave to intervene, as a representative of the consumer interest, and Campaign thereafter participated in the proceedings, which resulted in a rate increase for Georgia Power.

Under the judicial review provisions of the Administrative Procedure Act (APA), OCGA § 50-13-19,[2] Campaign subsequently filed a petition to appeal the PSC decision in Fulton County Superior Court. It served a copy of the petition on the PSC, but only Georgia Power was named as a respondent in the style of the petition.

Georgia Power subsequently filed a motion to dismiss Campaign's petition on the grounds that Campaign had failed to name an indispensable party, the PSC, and that Campaign was not sufficiently "aggrieved" by the PSC's decision so as to have standing to seek judicial review thereof under OCGA § 15-13-19. The superior court agreed with Georgia Power as to both grounds and dismissed the petition.

The Court of Appeals reversed. It first found that, although the PSC was a proper party respondent to Campaign's judicial review petition, the dismissal of the petition for the failure to name the PSC as a respondent was inappropriate. "Since the proceeding was of an appellate nature and the statute specifically requires only service of the petition, the deficiency in the style of the petition was an insufficient basis upon which to grant a motion to dismiss." *Campaign*, supra, 174 Ga. App. at 265.

It further found, largely on the basis of OCGA § 46-2-59, that Campaign had standing to seek judicial review of the PSC's decision.

We granted certiorari to consider the following two questions:

"1. Whether one who has been made a party to a Public Service Commission regulatory proceeding under the provisions of OCGA § 46-2-59 has automatic standing to petition for judicial review of the Public Service Commission's decision without the necessity of being

---

determining whether to permit intervention, the hearing officer may consider whether the person's interest is adequately represented by other parties and whether the intervention will unduly delay the proceedings or prejudice the rights of other parties;

(3) Any member of the General Assembly of the State of Georgia, who may without fee intervene on behalf of his constituents with the full rights and privileges of a designated party."

"(f) The commission or hearing officer may condition any order permitting intervention so as to assure orderly conduct of the proceeding."

[2] Subsection (a) of OCGA § 50-13-19 (a) is the provision of that Code section most relevant to this case. It provides that "[a]ny person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This Code section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."

an 'aggrieved person' under OCGA § 50-13-19 (a)."

"2. Whether the superior court should grant a motion to dismiss a petition for judicial review of a Public Service Commission regulatory decision where a party to the Public Service Commission proceeding effects service of the petition on the Public Service Commission under OCGA § 50-13-19 (e) but does not name the Public Service Commission as a party in the petition."

1. As to the first certiorari question, we disagree with the Court of Appeals.

As noted by the Court of Appeals, before 1975 there was no statutory right " 'in a Georgia consumer to obtain judicial review of the reasonableness of a rate order made by the [PSC]. The Georgia [APA] of 1964 contains a statutory judicial review procedure; however the legislature expressly exempted the [PSC] from the terms of the Act. [Cits.]' *Ga. Power Co. v. Allied Chemical Corp.*, 233 Ga. 558, 560 (212 SE2d 628) (1975). Only a short time later, the General Assembly ended the PSC's exemption from the mandate of the APA. Ga. L. 1975, pp. 404, 407." *Campaign*, supra, 174 Ga. App. at 266.

"In 1981, the General Assembly again addressed the topic of the applicable administrative procedure as to the PSC," id. at 266, declaring a public policy that consumers of utility services "deserve adequate representation in proceedings affecting utility rates and service," Ga. L. 1981, pp. 121, 122. OCGA § 46-2-59, one of the provisions enacted to effectuate the foregoing public policy, provides, inter alia, that persons who are allowed to intervene by the PSC, see OCGA § 46-2-59 (e), are automatically elevated to the status of a party to the proceedings, OCGA § 46-2-59 (a). This provision differs from the general intervention provision of the APA, OCGA § 50-13-14, pursuant to which a person allowed to intervene in an agency proceeding does not automatically attain the status of a full party to the proceeding.

Based on the termination of the PSC's exemption from the APA in 1975, and the elevation of an intervenor to a party under OCGA § 46-2-59 and the express statement of public policy by the General Assembly in 1981, the Court of Appeals rejected Georgia Power's argument that it was possible for one to be a party to a rate-hike proceeding and still fail to meet the "aggrieved person" standard of OCGA § 50-13-19 (a).

In reaching that result the court held that "[a]doption of Georgia Power Company's argument would nullify, or at least severely limit, the clearly expressed intent of the General Assembly to extend the applicability of the APA to PSC proceedings. It would also frustrate this State's public policy of affording consumers 'adequate representation in proceedings affecting utility rates. . . .' Judicial review of a PSC decision in a rate case is clearly a proceeding 'affecting utility

rates.' We cannot construe the legislative enactments following *Georgia Power Co. v. Allied Chemical Corp.*, supra, as having had no effect whatsoever on the holding in that decision. The only interpretation of the *entire* statutory scheme applicable to PSC proceedings that is both logical and equitable is that any 'party' to those proceedings, whether it be the utility or its customers, may be 'aggrieved' by a decision which is adverse to the position that it takes therein. Accordingly, the superior court erred in holding that Campaign had no standing to seek judicial review in the instant case." *Campaign,* supra, 174 Ga. App. at 267-268.

We disagree with the conclusion that any party to a PSC proceeding has automatic standing to appeal an adverse decision by the agency.

To begin, we note that the language of OCGA § 50-13-19 (a), by its breadth, clearly applies to parties to an agency proceeding, thereby requiring them, despite their status as parties, to demonstrate that they are "aggrieved" by the agency decision in order to have standing to seek judicial review thereof. OCGA § 50-13-19 (a) provides that "any person who has exhausted all administrative remedies available within the agency and who is aggrieved" by the final decision of the agency may seek judicial review thereof. As defined by the APA, all parties to an agency proceeding (aside from the agency) are also "persons" within the meaning of the APA. OCGA § 50-13-2 (4, 5). Other states adopting the Model State Administrative Procedure Act, upon which § 50-13-19 (a) is based, Ga. Laws 1964, pp. 338, 354, have so construed this provision, *Bankhead v. City of Tacoma*, 597 P2d 920, 923 (Wash. App. 1979); *City of New Haven v. Town of East Haven*, 419 A2d 349 (1) (Conn. 1979); *Jordan v. Hamada*, 643 P2d 73 (2) (Hawaii 1982). Thus, the language of OCGA § 50-13-19 (a) does not permit the construction given to it by the Court of Appeals.

In addition, we do not find that the enactment of OCGA § 46-2-59 compels a contrary conclusion. As previously mentioned, the Court of Appeals concluded that the public policy of providing consumers "adequate representation in proceedings affecting utility rates," which OCGA § 46-2-59 was enacted to implement, would be frustrated unless the court construed OCGA § 50-13-19 (a) as granting parties to a PSC proceeding an automatic right to judicial review of the PSC decision.

We do not find, however, that the policy behind the enactment of OCGA § 46-2-59 will be frustrated if OCGA § 50-13-19 (a) is applied according to its plain language. First, it is clear that OCGA § 46-2-59 was enacted to effectuate the specific purpose, unrelated to judicial review of PSC decisions, of expanding the extremely limited right of participation theretofore given to intervenors in agency proceedings under the APA. The provision of the APA governing hearings pro-

vides that only parties to the hearings are entitled "to respond and present evidence on all issues involved." OCGA § 50-13-13 (a) (3). Moreover, OCGA § 46-2-58, enacted along with OCGA § 46-2-59, sets out procedures for conducting PSC hearings, and provides, similarly to OCGA § 50-13-13 (a) (3), that "[t]he hearing officer or commission shall permit only the Commissioners, the hearing officer, the parties, or the attorneys of record of the Commissioners, hearing officers, or parties to examine or cross-examine witnesses, except with the consent of the witness." OCGA § 46-2-58 (c).

Before the enactment of OCGA § 46-2-59, the intervention provision applicable to the PSC and other agencies was OCGA § 50-13-14, which did not grant party status, for purposes of the agency proceeding, to persons permitted to intervene. Thus, before the enactment of OCGA § 46-2-59, intervenors in PSC proceedings were not entitled to present evidence, cross-examine witnesses, or otherwise be fully heard on the issues involved. OCGA § 46-2-59, by providing that persons allowed to intervene are given party status, grants this critical right to intervenors in PSC proceeding, and thus effectuates, in a manner unrelated to judicial review, the public policy of granting consumers of utility services adequate representation in rate cases.

We do not find that OCGA § 50-13-19 (a), by requiring that all persons seeking review of a PSC or other agency decision must demonstrate their "aggrieved" status in order to have standing to do so, frustrates the clearly intended purpose of OCGA § 46-2-59. Conversely, we find nothing in OCGA § 46-2-59 to indicate, that, in addition to the above purpose, it was intended to impact on the plain language of the standing provisions of OCGA § 50-13-19 (a).

For the foregoing reasons we conclude that a party to a PSC proceeding does not have an automatic right to judicial review of an agency decision.

2. Having decided that Campaign must demonstrate that it was "aggrieved" by the PSC's decision in order to obtain judicial review thereof, we must now undertake to decide whether Campaign, whose members include customers of Georgia Power, was aggrieved by the PSC decision, in that its members will be required to pay higher rates.

In the context of the Administrative Practice Act, the word "aggrieved" has been interpreted to mean that the person seeking to appeal must show that he has an interest in the agency decision that has been specially and adversely affected thereby. See, e.g., *Application of Hawaiian Electric Co.*, 535 P2d 1102 (1, 2) (Hawaii 1975). This rule comports with this state's construction of the word "aggrieved" with regard to determining standing in zoning appeals. "It is well settled that in order to attain 'aggrieved' status under the statute, a person must demonstrate that his property will suffer special damage as

a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated." *Tate v. Stephens*, 245 Ga. 519, 520 (265 SE2d 811) (1980).

Campaign's members are users of electricity who will pay higher rates as a result of the rate increase granted to Georgia Power by the PSC. We find that "[a] ratepayer who is compelled to pay higher utility rates by agency action is a person specially, personally and adversely affected. The fact that he shares this additional burden with all other users does not disentitle him from challenging the results." *Application of Hawaiian Electric Co., Inc.*, supra, 535 P2d at 1105. Cf. *Aldridge v. Ga. Hospitality &c. Assn.*, 251 Ga. 234 (1) (304 SE2d 708) (1983) (member hotels, motels, and restaurants of GHTA suffered injury by the assessment of county inspection fees, and had standing to challenge the fee system). See generally Davis, Administrative Law Treatise, § 24.13 (1983).

We note that we do not anticipate that the holding we reach today will result in a flood of appeals of PSC rate decisions, since OCGA § 50-13-19 (a) limits the right to petition for review to persons "who have exhausted all administrative remedies available within the agency" in "contested cases," OCGA § 50-13-19 (a), and since the PSC has the authority to limit the number of intervenors before it and place conditions on the participation of those to whom it does grant the right to intervene. OCGA § 46-2-59 (c), (e), (f). Moreover, when persons who have been permitted to intervene, and who have established standing to seek judicial review, take an appeal to superior court, the review of the PSC decision is limited to the record except in cases of alleged irregularities in procedure before the agency not shown by the record. OCGA § 50-13-19 (g). Thus, there will be no general regulation of rates by lawsuit. See Justice, now Chief Justice, Hill's special concurrence in *Ga. Power Co. v. Allied Chemical Corp.*, 233 Ga. 558, 568 (212 SE2d 628) (1975).

Therefore, although we disagree with the Court of Appeals' reasoning, we agree with its conclusion that the superior court erred in granting Georgia Power's motion to dismiss Campaign's petition for judicial review on the ground that Campaign was not an "aggrieved" person within the meaning of OCGA § 50-13-19 (a).

3. As we agree with the Court of Appeals' discussion and decision with regard to the second certiorari question, we will not address the issue further.

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Gregory, J., who concur in the judgment only and Weltner J., who dissents. Smith, J., disqualified.*

WELTNER, Justice, dissenting.

In my opinion, the Public Service Commission was an indispen-

sible party to the proceeding in superior court, and the trial judge was correct in dismissing the complaint for nonjoinder. *Loyd v. Ga. State Health Planning &c. Agency*, 168 Ga. App. 850 (310 SE2d 738) (1983); *Judd v. Valdosta Zoning Bd. of App.*, 147 Ga. App. 128 (248 SE2d 196) (1978).

DECIDED DECEMBER 2, 1985.

*Troutman, Sanders, Lockerman & Ashmore, James E. Joiner, Douglas L. Miller, Robert P. Edwards, Jr., Robert P. Williams II,* for appellant.

*Moore & Blanton, Sidney L. Moore, Jr., Deppish Kirkland, James S. Thomas, Jr.,* for appellee.

*Michael J. Bowers, Attorney General, Jim O. Llewellyn, Senior Assistant Attorney General, Sutherland, Asbill & Brennan, C. Christopher Hagy, Jacqueline S. Miller,* amici curiae.