[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by GDC Naugatuck, Inc. ("GDC") against the Borough of Naugatuck ("Naugatuck") involving Naugatuck's condemnation of an option possessed by GDC to purchase a parcel of land. GDC seeks to enjoin Naugatuck from perfecting its condemnation by filing its return of notice and obtaining or recording a certificate of taking pursuant to Conn. Gen. Stat. Sec. 8-129 (incorporated by reference in the condemnation statute, Conn. Gen. Stat. Sec. 58-12).
GDC seeks both temporary and permanent injunctions. The present procedural posture of the case is, however, somewhat unusual. On February 10, 1992, the case appeared on the court's special proceedings calendar, ostensibly for an evidentiary hearing on GDC's application for a temporary injunction. The file, however, reflects that a temporary injunction had been CT Page 2155 previously granted by the the Hon. Bernard Gaffney (apparently without objection) on May 17, 1991. The parties agreed that the true purpose of the February 10, 1992, hearing was to determine whether the May 17, 1991, temporary injunction should continue pending a full hearing on the merits of GDC's complaint seeking a permanent injunction. For the reasons described below, the court is of the opinion that the temporary injunction should continue.
"A temporary injunction is a preliminary order of the court, granted at the outset or during the pendency of an action, forbidding the performance of the threatened acts described in the original complaint until the rights of the parties respecting them shall have been finally determined by the court." Deming v. Bradstreet, 85 Conn. 650, 659, 84 A. 116 (1912).
 In deciding whether it should be granted or, if granted, whether it should be continued or dissolved, the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it, unless indeed, it is very clear that the plaintiff is without legal right.
Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941). See Griffin Hospital v. Commission on Hospitals Health Care,196 Conn. 451, 457-58, 493 A.2d 229 (1986). Cf. Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991) (explaining that a party seeking a preliminary injunction in the Second Circuit "must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief").
Although the factual history of this case (some of which has been stipulated) is voluminous, only a brief summary is necessary for present purposes. On February 15, 1985, the State Department of Economic Development approved a project plan for a development in Naugatuck referred to as the General Datacomm Mini-industrial Park. (Ex. A; testimony of Kenneth L. Roberts.) The project plan states in its first sentence that it "is proposed by the Borough of Naugatuck under the provisions of Chapter 132 of the General Statutes [Conn. Gen. Stat. Secs. 8-186, et seq.]." Pursuant to the plan, GDC purchased two parcels of land from Naugatuck (referred CT Page 2156 to at the hearing as parcels A and B) and further purchased an option to purchase a third parcel (referred to as parcel C). James Arcara, an officer of GDC, credibly testified, without contradiction, that the eventual exercise of the option to purchase parcel C was an integral part of GDC's development plan. Pursuant to the plan, GDC has invested over $45 million in the total project. (Testimony of James Arcara.)
On July 23, 1987, GDC exercised its option to purchase parcel C. On July 24, 1987, Naugatuck filed an action in this court, Borough of Naugatuck v. GDC Naugatuck, Inc., No. 081729, seeking to have the option declared null and void. That action is still pending. On April 11, 1991, apparently frustrated by the slow pace of its lawsuit, the Board of Mayor and Burgesses of Naugatuck passed a resolution condemning the option. The present action was filed shortly thereafter. In it, GDC contends that the condemnation should be enjoined because it has been exercised with respect to property already devoted to a public use and in violation of various statutory provisions.
A detailed analysis of GDC's arguments must await a full presentation of the facts at the eventual hearing for a permanent injunction. At this point it is clear that to dissolve Judge Gaffney's temporary injunction would "result in great harm to the plaintiff and little to the defendant." Olcott v. Pendleton, supra, 128 Conn. at 295. If the temporary injunction is dissolved, Naugatuck will be free to perfect its condemnation, and parcel C will be forever lost to GDC. On the other hand, Naugatuck has submitted no evidence that the continuance of Judge Gaffney's injunction has caused, or will cause, it any harm whatsoever.
Under these circumstances, the temporary injunction should be dissolved only if "it is very clear that the plaintiff is without legal rights." Id. That situation cannot be said to exist here. GDC's option to purchase parcel C was acquired pursuant to Conn. Gen. Stat. Sec. 8-186 which declares that municipal development projects of the sort involved here "are public uses and purposes." It is presumed in the absence of express statutory authorization (not invoked here) that land already appropriated to one public use may not be taken by a municipality for another. Canzonetti v. City of New Britain, 147 Conn. 478, 481, 162 A.2d 695 (1960). "`[T]he general rule is that where the proposed use will either destroy such existing use or intefere with it to such an extent as is tantamount to destruction, the exercise of the power will be denied unless the legislature has authorized the acquisition either expressly or by necessary implication.'" Hiland v. Ives,154 Conn. 683, 689, 228 A.2d 502 (1967) (quoting 1 Nichols' Eminent Domain Sec. 2.2 (3d ed. 1964)). CT Page 2157
There is a nice question here as to whether parcel C, or more precisely the option to purchase parcel C, was appropriated for public use at the time of the condemnation. But there is, at the very least, a substantial case that it was indeed appropriated for public use, since fairly anticipated future use may be considered in this analysis. City of New Haven v. Town of East Haven,35 Conn. Sup. 157, 167-68, 402 A.2d 345 (1977) (Berdon, J.), aff'd,177 Conn. 749, 419 A.2d 349 (1979). Under these circumstances, it is not "very clear that the plaintiff is without legal right." Olcott v. Pendleton, supra, 128 Conn. at 295.
The temporary injunction is continued until GDC's application for a permanent injunction is heard and decided.
Dated at Waterbury this 6th day of March, 1992.
JON C. BLUE JUDGE OF THE SUPERIOR COURT