**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 16, 2016**

# In the Court of Appeals of Georgia

A16A1313. CAZIER et al. v. GEORGIA POWER COMPANY

BOGGS, Judge.

This litigation first appeared before us in *Georgia Power Co. v. Cazier*, 321 Ga. App. 576 (740 SE2d 458) (2013) ("*Cazier I*"). Electric power customers brought an action against Georgia Power seeking certification as a class action and refunds for alleged overpayment of sales taxes and improper calculation of municipal franchise fees.[1] The trial court denied Georgia Power's motion to dismiss the action, and Georgia Power appealed. We held that petitioners could not pursue a direct action against Georgia Power for refund of sales taxes under OCGA § 48-2-35.1 (d)

---

[1]Municipal franchise fees are established by contracts between Georgia Power and municipalities, in exchange for access to municipal rights of way. See generally *Unified Government of Athens-Clarke County v. Ga. Pub. Svc. Comm.*, 293 Ga. App. 786 (668 SE2d 296) (2008).

("Refund of sales and use taxes; expedited refunds") or OCGA § 48-8-72 ("Overcollected sales or use tax"), and reversed the trial court's denial of Georgia Power's motion to dismiss with reference to those claims. Id. at 581 (1); 582 (2). We concluded, however, that petitioners' claim regarding the municipal franchise fees remained pending, as it was not a

> challenge to the validity or reasonableness of any utility rate set by the commission, and instead there is simply a challenge to the method of calculating and collecting the said fee. As the trial court correctly found, the parties agree that the commission has exclusive authority to set just and reasonable rates and the complaint raises a wholly different issue.

(Punctuation omitted.) Id. at 583 (4). In addition, we declined to consider "whether the appellees' complaint may be amended to assert a claim founded on OCGA § 46-2-90 or as to the merits of such a claim." Id. at 583 (3).

The litigation returned to the superior court, and petitioners amended their complaint, retaining the claim regarding the franchise fee and adding a claim under OCGA § 46-2-90 ("Liability of companies subject to jurisdiction of commission generally . . .") Georgia Power renewed and amended its earlier motion for summary judgment, asserting that petitioners failed to exhaust their administrative remedies before the Public Service Commission ("PSC"). The trial court dismissed the action

2

in its entirety in a one-page order, stating that it lacked authority to rule on the merits because petitioners had failed to exhaust their administrative remedies before the PSC. It also denied the motion for class certification. For the reasons stated below, this was error, and we vacate the trial court's order and remand for further proceedings consistent with this opinion and our earlier opinion in *Cazier I*.[2]

1. We first address the trial court's conclusion that petitioners failed to exhaust their administrative remedies. Our Supreme Court "has consistently held that as long as there is an effective and available administrative remedy, a party is required to pursue that remedy before seeking equitable relief in superior court." (Citations and punctuation omitted.) *Fulton County Taxpayers Foundation v. Ga. Public Svc. Comm.*, 287 Ga. 876, 878-879 (2) (700 SE2d 554) (2010). In order to determine whether an "effective and available administrative remedy" exists, therefore, we must

---

[2]One judge concurred in the judgment only as to Divisions 3 and 4 of *Cazier I*, and therefore those portions of the opinion have no precedential value generally. See Court of Appeals Rule 33 (a). However, it remains the law of the case with respect to those matters raised and ruled upon therein. See generally *Choate Constr. Co. v. Auto-Owners Ins. Co.*, 335 Ga. App. 331, 336-339 (1) (779 SE2d 465) (2015).

look at both the nature of petitioners' claim and the law under which they seek to proceed.[3]

Petitioners contend that the relevant PSC orders require Georgia Power to calculate municipal franchise fees as a stated percentage of "electricity usage revenue," "usage revenue," or "revenue." They do not complain of any PSC ruling or seek review of any commission action. Rather, they assert that Georgia Power has inflated the basis for calculating the franchise fees by including in its declaration of "revenue" certain "cost recovery items" which were not contemplated by the PSC orders. They further contend that this accounting practice by Georgia Power violates the applicable PSC orders and unlawfully overcharges customers for amounts not authorized by the PSC.

The Administrative Procedure Act governs judicial review of agency decisions, including those of the PSC. *Ga. Power Co. v. Campaign for a Prosperous Ga.*, 255 Ga. 253, 254 n.2 (336 SE2d 790) (1985). The relevant provision is OCGA § 50-13-19. Id. Subsection (a) states:

---

[3]We do not address the merits of petitioners' allegations, as we consider here only the propriety of the trial court's dismissal of the petition, which we review de novo. *Miller County Bd. of Ed. v. McIntosh*, 326 Ga. App. 408, 411 (1) (756 SE2d 641) (2014).

Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This Code section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

Id. Subsection (c) further provides that "no objection to any order or decision of any agency shall be considered by the court upon petition for review unless such objection has been urged before the agency."

This Code section, and the cases construing it, by their terms apply to persons who are "aggrieved by a final decision in a contested case" or who have an "objection to any order or decision" of the relevant agency. See id. at 257 (1) (OCGA § 50-13-19 (a) "requir[es] that all persons seeking review of a PSC or other agency decision must demonstrate their 'aggrieved' status in order to have standing to do so"); *Fulton County Taxpayers*, supra, 287 Ga. at 878 (2) (OCGA § 50-13-19 (a) requires that "a person must have exhausted all administrative remedies available within the agency and must be aggrieved by a final decision in a contested case." (Punctuation

omitted.)) In other words, the administrative remedies contemplate an *order or decision* by the PSC *in a contested case*.

Here, in contrast, petitioners do not claim to be aggrieved by any action of the PSC, nor do they object to any decision or order of the commission. Instead, they contend that Georgia Power has violated the relevant orders of the PSC by failing to use the basis prescribed by the commission to calculate municipal franchise fees. As we noted in *Cazier I,* "there is no challenge to the validity or reasonableness of any utility rate set by the commission, and instead there is simply a challenge to the method of calculating and collecting the said fee." 321 Ga. App. at 583 (4).

In this appeal, petitioners assert that they are proceeding against Georgia Power under OCGA § 46-2-90, which authorizes legal action against companies under the jurisdiction of the PSC:

> If any company under the jurisdiction of the commission does, causes to be done, or permits to be done any act which is prohibited, forbidden, or declared to be unlawful, or fails to do any act which is required either by a law of this state or by an order of the commission, such company shall be liable to the persons affected thereby for all loss, damage, or injury caused thereby or resulting therefrom. An action to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction by any such person. In case of recovery, if the jury finds that

6

such act or failure to act was willful, it may fix a reasonable attorney's fee, which shall be taxed and collected as part of the costs of the case.

Id.

This Code section stands in contrast to other provisions of Title 46, which expressly provide for administrative petitions or hearings. See, e. g., OCGA § 46-2-91 (PSC may impose penalties upon "[a]ny person, firm, or corporation" subject to its jurisdiction; judicial review only after commission holds hearing and renders decision); OCGA § 46-3-8 (PSC has "authority and jurisdiction" to approve transfer of service under Georgia Territorial Electric Service Act, see *City of LaGrange v. Ga. Pub. Svc. Comm.*, 296 Ga. App. 615 (675 SE2d 525) (2009)); cf. OCGA § 49-4-153 (providing for administrative review of Board of Community Health decisions regarding Medicaid services, see *Ga. Dept. of Behavioral Health &c. v. United Cerebral Palsy of Ga., Inc.*, 298 Ga. 779, 783 (1) (b) (784 SE2d 781) (2016)).

OCGA § 46-2-90 does not contemplate any administrative proceedings before the PSC or the challenge of any order or decision by the commission, but rather authorizes an action to recover damages "in any court of competent jurisdiction" from a company under the PSC's jurisdiction that has violated a PSC order by act or omission. This is consistent with our observation in *Cazier I* that this count does not

7

challenge a rate set by the commission, but instead "raises a wholly different issue." (Punctuation omitted.) 321 Ga. App. at 583 (4). We conclude, therefore, that petitioners are not required to exhaust any administrative remedy before proceeding under OCGA § 46-2-90.

The trial court, in its oral ruling from the bench, further supported its decision by stating that the meanings of "usage revenue", "total revenue", and "revenue" were unclear in the PSC's rulings, and thus "ambiguous." It reasoned that, in order to resolve the apparent ambiguity, petitioners were required to make application to the PSC for that body to further explain the details of its order and their meaning, and having failed to do so had not exhausted their administrative remedies. This was likewise error.

The rate making power of the PSC "lies in the legislative domain," *Ga. Power Co. v. Ga. Public Svc. Comm.*, 196 Ga. App. 572, 576 (3) (396 SE2d 562) (1990), and is "an exercise of quasi-legislative functions by an administrative body." Id. at 577 (3). "Regulatory plan construction is consistent with general rules of contract construction." *Ga. Public Svc. Comm. v. Alltel Ga. Communications Corp.*, 227 Ga. App. 382, 387 (2) (489 SE2d 350) (1997). And "[o]ne of the traditional functions of courts is to interpret and construe legislative enactments. Determining the intent of

8

the legislative body by defining the ordinary or technical meaning of the terms it has used is commonplace. [Cit.]" *Bell v. Barrett*, 241 Ga. 103, 104 (243 SE2d 40) (1978) (construing meaning of "commercial" and "noncommercial" in county zoning ordinance). The courts of Georgia have also applied the rules of statutory construction to municipal ordinances, *Columbus Ga. Consolidated Govt. v. Schmidt*, 269 Ga. 723, 723-724 (507 SE2d 435) (1998), as well as agency standards and administrative regulations. *Rice v. Six Flags Over Ga. LLC*, 257 Ga. App. 864, 869 (572 SE2d 322) (2002). Petitioners were not obligated to petition the PSC for an interpretation or construction of the language in its orders before bringing this action.

For these reasons, the trial court erred in concluding that petitioners failed to exhaust their administrative remedies and in dismissing the petition and denying the motion for class certification on that basis. We therefore vacate the judgment of the trial court and remand for proceedings consistent with this opinion and our opinion in *Cazier I*.

*Judgment vacated and case remanded. Barnes, P. J., and Rickman, J., concur.*

9