## 63601. GOWEN v. GEORGIA INTERNATIONAL LIFE INSURANCE COMPANY.

SOGNIER, Judge.

Georgia International Life Insurance Company filed a petition for declaratory judgment against J. Gary Gowen and Amos Reed seeking definition of its rights, duties and obligations under a policy of insurance issued on the life of Odum Reed. Gowen, Odum Reed's employer, purchased a group insurance policy for his employees and was named beneficiary. Amos Reed is the administrator of the estate of Odum Reed. Gowen filed a counterclaim against the insurance company alleging that the company's agent fraudulently induced him to purchase the policy by telling him that he could be beneficiary on the life insurance policy of his employee. Georgia International Life moved for summary judgment on the complaint and the

counterclaim. The trial court granted the insurance company's motion finding, inter alia, that (1) Amos Reed, as administrator of the estate of Odom Reed, was entitled to recover the proceeds of the life insurance policy; (2) that Gowen had abandoned his claim as beneficiary of the policy; and (3) that there was no actionable fraud on the part of the insurance company. Gowen appeals.

1. Appellant contends that the trial court erred in granting summary judgment in favor of Georgia International Life because there were genuine issues of material fact regarding false representations made to him by the agent of the insurance company when Gowen purchased the policy. Gowen alleges that appellee's agent told him at the time he purchased the group life insurance plan that he could be named beneficiary of his employees' policies. Gowen argues that this was a knowing misrepresentation made with the intent to deceive him and to induce him to purchase the insurance policy. Appellee argues, and the trial court found, that no false representations were made to Gowen but that the agent was merely expressing an opinion when he told Gowen that he could be named beneficiary.

Appellant's allegations of fraud are grounded on the agent's misrepresentations as to Code Ann. § 56-2701, which provides: "No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions: (1) Employee groups. A policy issued to an employer . . . which employer . . . shall be deemed the policyholder, *to insure employees of the employer for the benefit of persons other than the employer . . .*" (Emphasis supplied.) Appellant argues that appellee and its agent knew at the time it sold the policy that Gowen could *not* be the beneficiary of the policy because of Code Ann. § 56-2701 (1).

". . . [T]he statements made by the agents comprise and constitute merely expressions of opinion as to the legal effect of the instruments in question. 'The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. Everyone is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, and this is especially so where there is no confidential relationship between the parties.' [Cits.]" *Cotton States &c. Co. v. Booth,* 116 Ga. App. 410, 413 (157 SE2d 877) (1967); *Puckett Paving Co. v. Carrier Leasing Corp.,* 236 Ga. 891 (225 SE2d 910) (1976). Thus, the trial court was correct in finding no actionable fraud on the basis of appellee's *agent's* statements.

2. However, Gowen contends that the representations in the

*policy itself* naming Gowen as beneficiary constitute actionable fraud by the insurance company. Appellant argues that when appellee wrote and delivered the policy to him the insurance company knew that as Odom Reed's employer, Gowen could not be named beneficiary under the provisions of Code Ann. § 56-2701. Thus, issuance of the policy constitutes a promise as to future events made with a present intent not to perform and that the promisor here knew that the future event would not take place. We agree with appellant that such a promise is actionable fraud. See *Hayes v. Hallmark Apts.,* 232 Ga. 307 (207 SE2d 197) (1974); *Davidson v. Citizens &c. Nat. Bank,* 158 Ga. App. 868 (282 SE2d 355) (1981).

However, the above stated rule does not apply to "those cases in which the promise upon which the promisor is charged with fraud is for any reason unenforceable at the time of its utterance. 'Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence.' [Cits.] It is contrary to common sense to rely upon a promise that is not legally binding upon the person making it." *Adamson v. Maddox,* 111 Ga. App. 533, 536 (142 SE2d 313) (1965); *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569, 572 (208 SE2d 583) (1974). While the question of whether a party could have protected himself from fraud by the exercise of ordinary diligence is usually left to a jury, where, as here, there is no evidence that Gowen was diligent in the conduct of his affairs regarding the insurance policy, there is no issue of fact for the jury to decide. *Lariscy v. Hill,* 117 Ga. App. 152, 153 (159 SE2d 443) (1968). Hence, summary judgment in favor of Georgia International Life was correctly granted.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1982.

*John B. Adams, Alva J. Hopkins III,* for appellant.
*Roger B. Lane,* for appellee.