38972. EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION OF THE STATE OF GEORGIA v. METRO AMBULANCE SERVICES, INC.

CLARKE, Justice.

This appeal calls for a determination of the question of who has standing to bring an action to enforce the provisions of the State Health Planning and Development Code (Code Ann. Ch. 88-33). We hold that only the State Health Planning and Development Agency, or such other governmental agency as authorized by law, has standing.

Metro Ambulance Services, Inc. brought this action against Georgia Baptist Medical Center praying that Georgia Baptist be enjoined from operating a helicopter ambulance service without first

obtaining a certificate of need from the State Health Planning Agency as required by the statute. Georgia Baptist moved to dismiss the action on the ground that Metro had no standing to bring a court action to enforce the statute. The trial court denied the motion and we granted the application for interlocutory appeal.

In support of its argument that it had standing to bring a court action, Metro relies upon Code Ann. § 88-3320 (c): "For purposes of this section [dealing with sanctions], the State of Georgia, acting by and through the State Health Planning and Development Agency, shall have standing in any court of competent jurisdiction, in addition to any other proper parties, to maintain an action for injunction or other appropriate relief to enforce the provisions of this Chapter." Metro insists that it is a "proper party" under this Section. In furtherance of this argument, Metro points out that Code Ann. § 88-3311 requires that any person proposing to develop or offer a new institutional health service or health care facility must first obtain a certificate of need and that an application by Georgia Baptist for such a certificate for the exclusive lease of a helicopter was denied in 1981. Metro contends that Georgia Baptist is presently operating a helicopter ambulance service in defiance of the denial. On the other hand, Georgia Baptist insists that it is merely purchasing helicopter flights on a fee for service basis from a vendor of helicopter service.

We do not deal here with the merits of the case but are merely called upon to determine the question of standing. In dealing with this question, we do not find the cases from other jurisdictions cited by Metro to be persuasive. Metro relies upon In the Matter of the Construction of a Health Care Facility, 55 N. C. App. 313 (285 SE2d 626) (1982); Suburban Medical Center v. Olathe Hosp., 226 Kan. 320 (597 P2d 654) (1979); Twin Ports Convalescent, Inc. v. Minnesota State Board of Health, 257 NW2d 343 (Minn. 1977); and Memorial Hospital v. State Health Planning Council, 28 Cal. App. 3d 139 (104 Cal. Rptr. 492) (1972). These cases are all distinguishable. In Twin Ports Convalescent, Inc. v. Minnesota State Board of Health, supra, the licensing agency was one of the defendants in a declaratory judgment action. Suburban Medical Center v. Olathe Hospital, supra, involved a statute specifically authorizing a "potentially" adversely affected health facility to seek judicial review of an agency decision. In Memorial Hospital of Southern California v. State Health Planning Council, supra, the action was one for mandamus to require the agency to do its duty. In the Matter of the Construction of a Health Care Facility, supra, concerned a situation in which the hospital was not the defendant in the competitor's action.

In deciding the issue of standing, we must consider the purpose of Chapter 88-33. In doing so we look first to Code Ann. § 88-3301 in which the legislature pronounced the policy of this state and purpose of the chapter to be that adequate health care services and facilities be developed in an orderly and economical manner and made available to all citizens. In addition, its pronounced policy and purpose is to meet the requirements of certain federal statutes. The chapter goes on to provide for the creation of the State Health Planning and Development Agency, which is authorized to administer a state health plan consistent with the laws of the state. Code Ann. § 88-3304. It is obvious from a review of the chapter that the intention of the legislature is to establish a public policy for the regulation of health care facilities and services and to establish an agency charged with the duty of carrying out that policy through its authorized regulatory functions. The accomplishment of the purpose of the act and the furtherance of its policy is best established through such a regulatory agency, and an attempt to achieve the goals of the act through random litigation in the courts would likely result in more confusion rather than the orderliness mandated by the statute. Furthermore, we are unable to construe this statute as a mechanism for determination of the respective rights of competitors. For these reasons we hold that Code Ann. § 88-3320 (c) clothes the health planning agency with standing but does not give standing to a competitor of a health service provider.

The holding in this case does not deprive the public of the right to require the State Health Planning and Development Agency to do its duty. An action in the nature of mandamus is the appropriate remedy to compel an agency to enforce the law entrusted to its protection. See, e.g., *Independent Bankers Assn. v. Dunn*, 230 Ga. 345 (197 SE2d 129) (1973).

We therefore hold that the trial court erred in denying Georgia Baptist's motion to dismiss.

*Judgment reversed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED OCTOBER 20, 1982.

*Poole, Pearce, Cooper & Smith, Edwin M. Pearce, Mikel L. Purcell,* for appellant.

*Dodd, Driver, Connell & Hughes, Randall L. Hughes, Kim H. Roeder, H. Boyce Connell, Jr.,* for appellee.