42144. DIVERSIFIED HEALTH MANAGEMENT SERVICES, INC. et al. v. VISITING NURSES ASSOCIATION OF CORDELE, INC. et al.
(330 SE2d 885)

MARSHALL, Presiding Justice.

There are two plaintiffs in this case: Diversified Health Management Services, Inc. (Diversified) and River Valley Home Health Agency, Inc. (River Valley). There are two defendants: Visiting Nurses Association of Cordele, Inc. (Visiting Nurses) and Taylor Memorial Hospital, Inc. (Taylor Memorial).

Plaintiff River Valley is a non-profit corporation, which has been

granted a certificate of need to provide home health care services in Pulaski County. Plaintiff Diversified is the managing entity for River Valley. Defendant Taylor Memorial is licensed under Georgia law to provide hospital services. Defendant Visiting Nurses has a certificate of need under which it is authorized to provide home health care services in Pulaski County.

Defendant Taylor Memorial has entered into an agreement with defendant Visiting Nurses under which they will jointly provide home health care services in Pulaski County. Defendant Taylor Memorial will provide the personnel, and defendant Visiting Nurses will provide billing of the services to state and federal agencies.

This suit by the plaintiffs is to enjoin the defendants from performance of this agreement on the ground that it constitutes an unlawful transfer of Visiting Nurses' certificate of need to Taylor Memorial. The trial court dismissed the plaintiffs' complaint on grounds that they lack standing to sue, that they have failed to exhaust their administrative remedies, and that the complaint fails to state a claim for relief.

1. The Certificate of Need Program is codified at OCGA § 31-6-40 et seq., as part of the State Health Planning and Development Act (the Act). OCGA § 31-6-1 et seq. (former Code Ann. § 88-3301 et seq.). OCGA § 31-6-41 (a) provides that, "A certificate of need shall be valid only for the defined scope, location, cost, service area, and person named in an application, as it may be amended, and as such scope, location, area, cost, and person are approved by the planning agency, unless such certificate of need owned by an existing health care facility is transferred to a person who acquires such existing facility. In such case, the certificate of need shall be valid for the person who acquires such a facility and for the scope, location, cost, and service area approved by the planning agency."

2. *Executive Committee of the Baptist Convention of the State of Ga. v. Metro Ambulance Services, Inc.*, 250 Ga. 61 (296 SE2d 547) (1982), was another case involving competing parties providing health care services and drawing in question issues concerning the statutory law governing certificates of need. In *Metro Ambulance*, we held that only the State Health Planning and Development Agency (the Agency), or such other governmental agency as authorized by law, has standing to bring an action to enforce the provisions of the Act. In so holding, we noted that the purpose of the Act is the development of adequate health care services and facilities "in an orderly and economical manner," OCGA § 31-6-1 (former Code Ann. § 88-3301), and that in accordance with this policy the Agency has been established to administer the Act. We concluded that the accomplishment of this purpose "is best established through such a regulatory agency, and an attempt to achieve the goals of the act through random litigation in

the courts would likely result in more confusion rather than the orderliness mandated by the statute. Furthermore, we are unable to construe this statute as a mechanism for determination of the respective rights of competitors." 250 Ga. at p. 63.

3. At the time of the *Metro Ambulance* decision, the Act contained the following provision as to standing to bring suit under the Act. "For purposes of this Code section, the state, acting by and through the state agency, in addition to any other proper parties, shall have standing in any court of competent jurisdiction to maintain an action for injunctive or other appropriate relief to enforce this article." Former OCGA § 31-6-49 (c) (former Code Ann. § 88-3320). However, in 1983 the Act was repealed in its entirety, and it was reenacted. Ga. L. 1983, p. 1566 et seq. See *Loyd v. Ga. State Health Planning &c. Agency*, 168 Ga. App. 850 (310 SE2d 738) (1983). As to standing, OCGA § 31-6-45 (d) now provides, "In addition, for purposes of this Code section, the State of Georgia, acting by and through the planning agency, or any other interested person, shall have standing in any court of competent jurisdiction to maintain an action for injunctive relief to enforce the provisions of this chapter."

4. As held in the *Metro Ambulance* case, the purpose of the Act is the development of health care services and facilities in an orderly and economic fashion, and it is not a mechanism for determination of the respective rights of competitors. For this reason, the term "interested person," as used in § 31-6-45 (d), does not entitle a competitor to bring an enforcement action for injunctive relief. See *Plaskolite, Inc. v. Baxt Indus., Inc.*, 486 FSupp. 213 (N.D. Ga. 1980) (holding that the term "interested person" as used in the Consumer Product Safety Act does not entitle a competitor of a defendant to bring an enforcement action for injunctive relief, since the purpose of the legislation is to protect consumers and not competitors). However, this is not to say that a competitor lacks standing to bring a mandamus action to compel the Agency to institute proceedings against another provider of health care services who is violating the statutory law governing certificates of need. *Executive Committee of the Baptist Convention of the State of Ga. v. Metro Ambulance Services, Inc.*, supra; *Independent Bankers Assn. v. Dunn*, 230 Ga. 345 (197 SE2d 129) (1973).

*Judgment affirmed. All the Justices concur, except Hill, C. J., Gregory and Bell, JJ., who dissent.*

HILL, Chief Justice, dissenting.

OCGA § 31-6-45 (d) provides that ". . . any . . . interested person, shall have standing . . . to maintain an action for injunctive relief to enforce the provisions of this chapter." Plaintiffs are interested persons. In my view, they have standing. I therefore dissent.

I am authorized to state that Justice Gregory and Justice Bell join in this dissent.

DECIDED JUNE 27, 1985.

*John L. Tracy,* for appellants.
*Carr G. Dodson, Guy D. Pfeiffer,* for appellees.