77388, 77389. CHATTAHOOCHEE VALLEY HOME HEALTH CARE, INC. v. HEALTHMASTER, INC. et al.; and vice versa.

(381 SE2d 56)

BANKE, Presiding Judge.

Healthmaster Home Health Care of Georgia, Inc., and its parent corporation, Healthmaster, Inc. (hereafter referred to together as Healthmaster) petitioned the State Health Planning Agency (SHPA) for a declaratory ruling as to whether three "home health agencies" which it (Healthmaster) had acquired were currently authorized under the State Health Planning and Development Act, OCGA § 31-6-1 et seq., to provide home health services in certain specified counties, without the necessity of obtaining a certificate of need pursuant to OCGA § 31-7-155. The SHPA determined that the acquired firms had "grandfather" rights in some, but not all, of the counties in question. Chattahoochee Valley Home Health Care, Inc. (Chattahoochee), a competitor home health care agency providing services in the same counties in which Healthmaster was granted grandfather status, applied to the Superior Court of Muscogee County for judicial review of this ruling pursuant to the Administrative Procedure Act (APA). See OCGA § 50-13-19. The superior court denied a joint motion by Healthmaster and the SHPA to dismiss the action and affirmed the SHPA's declaratory ruling. The case is now before us pursuant to our grant of Chattahoochee's application for a discretionary appeal. Healthmaster and the SHPA have filed cross-appeals, contending that the lower court erred in denying their motion to dismiss. *Held*:

1. We first address the issue of Chattahoochee's standing to sue. In support of their joint motion to dismiss, Healthmaster and the SHPA contended that Chattahoochee was not an aggrieved person with standing to obtain judicial review of the SHPA's decision pursuant to the Administrative Procedure Act and that Chattahoochee was, in any event, estopped from seeking such review because it had itself been doing business pursuant to the same grandfather status it sought to deny Healthmaster.

(a) Under the APA, any person "aggrieved by a final decision in a contested case" may obtain judicial review of that decision. "In the context of the Administrative Practice Act, the word 'aggrieved' has been interpreted to mean that the person seeking to appeal must show that he has an interest in the agency decision that has been specially and adversely affected thereby." *Ga. Power Co. v. Campaign for a Prosperous Ga.*, 255 Ga. 253, 257 (336 SE2d 790) (1985).

Construing analogous federal statutory law, the United States Supreme Court has long recognized that one who suffers or will suffer economic injury as the result of an administrative decision may be considered aggrieved for purposes of obtaining judicial review of the decision. See *Assn. of Data Processing Svc. &c. v. Camp*, 397 U. S. 150 (90 SC 827, 25 LE2d 184) (1970) (holding that a competitor has standing under the Federal Administrative Procedure Act, 5 USC § 702, to challenge an administrative action which adversely affects its business interest). See also *Sierra Club v. Morton*, 405 U. S. 727 (92 SC 1361, 31 LE2d 636) (1972). Relying on the *Camp* decision, the Georgia Supreme Court, in *Hilton Constr. Co. v. Rockdale County Bd. of Education*, 245 Ga. 533 (266 SE2d 157) (1980), held that the lowest bidder on a school construction project had standing to challenge the award of the contract to a competitor based on an alleged violation of State Board of Education regulations governing the bidding of such contracts. Thus, it appears to be well-settled that a business entity may be considered "aggrieved" by an administrative decision which confers an economic benefit upon a competitor.

Relying on *Diversified Health Mgmt. Svcs. v. Visiting Nurses Assn.*, 254 Ga. 500, 502 (330 SE2d 885) (1985), Healthmaster and the SHPA contend that even if Chattahoochee's economic interests were adversely affected by the SHPA's decision, Chattahoochee nevertheless lacked standing to appeal that decision because such an appeal would not further the public purposes of the State Health Planning and Development Act. We disagree. The General Assembly instituted the certificate of need system to ensure that "[h]ealth care services and facilities . . . [are] provided in a manner that avoids unnecessary duplication of services, that is cost effective, and that is compatible with the health care needs of the various areas and populations of the state." OCGA § 31-6-1. In *Diversified Health Mgmt. Svcs. v. Visiting Nurses Assn.*, supra, a provider of health care services sought to obtain injunctive relief against a competitor by bringing a direct action against the competitor pursuant to OCGA § 31-6-45 (d), which specifies that an "interested person shall have standing in any court of competent jurisdiction to maintain an action for injunctive relief to enforce the provisions of this chapter." While the Georgia Supreme Court, citing *Executive Comm. of Baptist &c. of Ga. v. Metro Ambulance Svcs.*, 250 Ga. 61 (296 SE2d 547) (1982), held that this Code

section did not confer standing for such an action, it went on to hold that the provider would have been authorized to bring a mandamus action against the SHPA to compel it to seek redress for an alleged violation of the Act by a competitor. We believe it logically follows from this ruling that a provider of health care services would also have standing to intervene in administrative proceedings already pending before the SHPA involving the operations of a competitor and that having done so, it would also have standing to seek judicial review of a final ruling adverse to its interests in such a proceeding. Accord *City of LaGrange v. Ga. Power Co.*, 185 Ga. App. 60 (363 SE2d 286) (1987) (where a municipality providing electrical service to its residents was permitted to appeal a declaratory ruling by the Georgia Public Service Commission authorizing the Georgia Power Company to provide competing services). Consequently, we hold that the superior court did not err in concluding that Chattahoochee had standing to bring the present action.

(b) We reject Healthmaster's contention that Chattahoochee was estopped from seeking judicial review of the SHPA's decision because it was operating in the affected areas under the authority of the same grandfather status which it sought to deny to the firms acquired by Healthmaster. Chattahoochee's authority to service the areas in question is not at issue in this proceeding, and there is no evidence upon which a resolution of that issue could be made one way or the other. If, in fact, Chattahoochee's operations are also in violation of the Act, the appropriate remedy is not to sanction a similar violation by Healthmaster but to redress the alleged violation by Chattahoochee in a separate proceeding brought for that purpose. See *Executive Comm. of Baptist &c. of Ga. v. Metro Ambulance Svcs.*, supra. The superior court did not err in declining to dismiss the appeal, either on the basis that Chattahoochee lacked standing to seek review of the SHPA's decision or on the ground that it was estopped from doing so.

2. Pursuant to OCGA § 31-7-155, a home health care agency is required to obtain a certificate of need prior to "initiating service or extending the range of its service area." However, that requirement is qualified by the following language: "All home health agencies *which were delivering* services prior to July 1, 1979, and were certified for participation in either Title XVIII or Title XIX of the federal Social Security Act prior to such date shall be exempt from a certificate of need, except in those instances where expansion of services or service areas is requested by such home health agencies." Id. (Emphasis supplied.)

Although it is undisputed that the agencies acquired by Healthmaster had not been servicing the geographic areas at issue prior to July 1, 1979, the SHPA determined that those agencies had nevertheless acquired grandfather status in these areas because these

agencies *would have* been providing services there prior to the effective date of the Act had it not been for misdirection on the part of certain employees of the Department of Human Resources (DHR). Chattahoochee contends that this determination was not authorized by the language of the statute, which exempts from the certificate of need requirement only those home health care agencies which were *actually* delivering services in a given service area prior to July 1, 1979.

Generally speaking, " '[t]he administrative interpretation of a statute by an administrative agency which has the duty of enforcing or administering it is to be given great weight.' " *City of LaGrange v. Ga. Power Co.,* supra at 63. However, "where the language of an Act is plain and unequivocal, judicial [or administrative] construction is not only unnecessary but is forbidden." *City of Jesup v. Bennett,* 226 Ga. 606, 609 (176 SE2d 81) (1970). See also *Taco Mac v. Atlanta Bd. of Zoning Adjustment,* 255 Ga. 538, 539 (340 SE2d 922) (1986). In the case before us, the SHPA went beyond merely interpreting the language of the statute and, in effect, added an entirely new basis for an exemption. An interpretation of the statute which would permit an exemption to be granted to an agency based on a determination that, but for deference to bad advice on the part of a state official, it would have been delivering services to a particular area would create a radical departure from the general rule that one is not justified in relying upon a misrepresentation of law. See *Gowen v. Ga. Intl. Life Ins. Co.,* 163 Ga. App. 75 (293 SE2d 729) (1982). Finding nothing in the language of the statute which would reasonably support such a departure, we hold that the superior court erred in affirming the SHPA's decision.

3. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

DECIDED MARCH 3, 1989 —
REHEARING DENIED MARCH 27, 1989 — 

*Charles L. Gregory, Glenn P. Hendrix, Hirsch, Beil & Partain, John P. Partain,* for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, H. Jeff Lanier, Patrick W. McKee, Assistant Attorneys General, Susan L. Baranoff, Staff Assistant Attorney General, Troutman, Sanders, Lockerman & Ashmore, W. Randall Tye, Robert P. Williams II,* for appellees.