A89A0990, A89A0991. THREE RIVERS HOME HEALTH SERVICES, INC. v. HEALTHMASTER, INC. et al.; and vice versa.
A89A0992. GEORGIA STATE HEALTH PLANNING AGENCY et al. v. THREE RIVERS HOME HEALTH SERVICES, INC.
A89A1007. VNA OF GREATER TIFT, INC. v. GEORGIA STATE HEALTH PLANNING AGENCY et al.
(388 SE2d 7)

BANKE, Presiding Judge.

These cases are similar to and controlled by *Chattahoochee Valley Home Health Care v. Healthmaster*, 191 Ga. App. 42 (381 SE2d 56) (1989), wherein certain providers of home health care services sought judicial review of a declaratory ruling by the State Health Planning Agency (SHPA) allowing a competitor, Healthmaster Home Health Care of Georgia, Inc., and its parent corporation, Healthmaster, Inc. (hereinafter referred to together as Healthmaster) to provide home health services in certain specified Georgia counties without obtaining a certificate of need pursuant to OCGA § 31-7-155.

The Georgia Supreme Court has declined to review our decision in *Chattahoochee Valley Home Health Care v. Healthmaster*, supra; however, on July 28, 1989, it entered an order staying its remittitur in the case pending the filing of an application for certiorari in the Supreme Court of the United States.

The appellants herein, Three Rivers Home Health Services, Inc., (Three Rivers), and VNA of Greater Tift, Inc., (VNA), are additional competing home health care providers which have challenged Healthmaster's grandfather status and have sought judicial review of the SHPA's declaratory ruling upholding Healthmaster's right to operate without obtaining a certificate of need. In the VNA action, the superior court granted a joint motion to dismiss filed by Healthmaster and the SHPA; while in the separate Three Rivers action, the court denied a joint motion to dismiss filed by Healthmaster and the SHPA but then affirmed the SHPA's declaratory ruling on the merits. The cases are before us pursuant to our grant of the appellants' applications for discretionary appeal of these respective rulings. *Held*:

1. Based on our decision in *Chattahoochee Valley Home Health Care v. Healthmaster*, supra, that the plaintiffs had standing as business competitors to seek judicial review of the SHPA's rulings regarding Healthmaster's grandfather status, we hold, in case no. A89A1007, that the trial court erred in granting the appellees' joint motion to dismiss the complaint filed by VNA.

2. In case nos. A89A0991 and A89A0992, which are cross-appeals filed by Healthmaster and the SHPA from the denial of their joint motion to dismiss the Three Rivers action, the ruling complained of is affirmed. In case no. A89A0090, which is Three Rivers' appeal from the lower court's order affirming the SHPA's ruling on its merits, we hold, on the basis of our holding in *Chattahoochee Valley Home Health Care v. Healthmaster*, supra, that Healthmaster is not exempted from the certificate of need requirement under OCGA § 31-7-155, and that the court's ruling was consequently in error.

*Judgments reversed in case nos. A89A0990 and A89A1007; judgment affirmed in case nos. A89A0991 and A89A0992. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 16, 1989 —
REHEARINGS DENIED NOVEMBER 7, 1989 —

*Phears & Dailey, Michael A. Dailey, Victor L. Moldovan, John P. Harrington,* for Three Rivers & VNA.

*Troutman, Sanders, Lockerman & Ashmore, Robert P. Williams II, W. Randall Tye,* for Healthmaster.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, William B. Hill, Jr., Deputy Attorney General, Patricia T. Barmeyer, Senior Assistant Attorney General, Susan L. Baranoff, Roger M. Siegel, Assistant Attorneys General*, for State Health Planning.