S93A1898, S94A0160. HCA HEALTH SERVICES, INC.
v. ROACH et al. (two cases).
(439 SE2d 494)

HUNT, Presiding Justice.

This appeal involves the scope of the authority of the State Health Planning Agency (SHPA) in administering the Certificate of Need (CON) program, OCGA § 31-6-40 et seq. The trial court dismissed HCA Health Services of Georgia, Inc.'s action against SHPA and its executive director for mandamus relief (Case No. S93A1898),

and dismissed HCA's action for judicial review under the Administrative Procedure Act (Case No. S94A0160).[1] We affirm the dismissal of the action for judicial review (Case No. S94A0160) and reverse the trial court's dismissal of the action for mandamus (Case No. S93A1898.)

HCA is a competitor of the Surgical Healthcare Corporation (SHC),[2] and brought these actions challenging two SHPA decisions regarding a health care facility owned by SHC. The facility originally was owned and operated by a dentist, Dr. Keller. In 1985 Dr. Keller requested that SHPA declare his facility to be an "ambulatory surgical center" which operated as such prior to the CON statute, and to grandfather the facility into the CON program. SHPA did so the following year. Subsequently, Dr. Keller sought, and in 1992 obtained, a SHPA declaration of exemption from CON requirements for his proposed sale of the facility to SHC, and SHC's relocation of the facility to a location within three miles of its existing location and near HCA's hospital. HCA challenged these two agency decisions by separate petitions for judicial review and mandamus relief. The trial court held, inter alia, that HCA had no standing to bring an action for judicial review of SHPA's decisions regarding the facility; that SHPA alone has discretion to determine whether the CON laws apply to a particular facility; that in the instances complained of SHPA had acted, rather than failed to act, and mandamus was inappropriate to compel the agency to act in a particular manner or direction; and that HCA was barred by laches for its failure to timely object to the agency's decisions.

1. HCA's petition for judicial review of SHPA's decisions was not filed within 30 days of those decisions and, therefore, assuming those decisions were declaratory rulings under the Administrative Procedure Act, OCGA § 50-13-11, the trial court did not err by dismissing the petition. OCGA § 50-13-19 (b). Accordingly, we need not reach HCA's remaining enumerations regarding the dismissal of the petition for judicial review.

2. The trial court erred by dismissing HCA's action for mandamus to compel SHPA's executive director to enforce the CON program.[3] *Diversified Health Mgmt. Svcs. v. Visiting Nurses Assn.*, 254

---

[1] In Case No. S93A1898 the trial court also dismissed HCA's action insofar as it sought declaratory relief. HCA does not enumerate this issue on appeal, and thus we do not address it here.

[2] Northlake/Tucker Ambulatory Surgery Center, Inc., d/b/a Surgicare and Surgical Health Corporation, are intervenors in this action. Collectively, they are referred to as (SHC).

[3] The trial court correctly noted that mandamus is a personal action against a public officer, not against the office. *Harper v. State Bd. of Pardons &c.*, 260 Ga. 132, 133 (390 SE2d 592) (1990). Accordingly, SHPA is not subject to mandamus, although its director, Roach, a

Ga. 500, 502 (4) (330 SE2d 885) (1985); *Executive Committee v. Metro Ambulance Svcs.*, 250 Ga. 61, 63 (296 SE2d 547) (1982).

3. Contrary to SHPA's and SHC's arguments, and the trial court's holding, SHPA does not have discretion in enforcing the CON program or in determining that the CON requirements do not apply where the statute or rules promulgated thereunder do not so provide.[4] The jurisdiction of administrative agencies, like SHPA, is determined by statute, and we are required to construe that jurisdiction strictly to comport with the legislative intent. *Dept. of Nat. Resources v. American Cyanamid Co.*, 239 Ga. 740, 743 (238 SE2d 886) (1977). Under the State Health Planning and Development Act (the Act), SHPA is authorized and required to administer the CON program, and is directed to make rules in order to administer that program. OCGA § 31-6-21 (a) and (b) (4). The detailed procedures for rule-making by SHPA generally follow those of the Georgia Administrative Procedure Act and include notice and consideration by committees of both branches of a legislature. OCGA § 31-6-21.1. The parties have not cited, and we have not discovered any provision of the Act, or any SHPA rules promulgated thereunder which provide SHPA with discretion regarding grandfathering of health care facilities or relocation of those facilities.

(a) The trial court erred by dismissing HCA's challenge of SHPA's 1986 decision to grandfather the facility in question. The parties agree that SHPA has authority under the Act to "grandfather" health care facilities (that is, to recognize them as facilities within the CON but exempt them from CON requirements) when those facilities are shown to have existed prior to the enactment of the CON program. This is because the CON law applies only to new institutional health services, or health care facilities, i.e., those that did not pre-exist the CON program. OCGA § 31-6-40 (a). See also *Chattahoochee Valley Home Health Care v. Healthmaster, Inc.*, 191 Ga. App. 42, 44 (2) (381 SE2d 56) (1989). However, the parties disagree about whether the facility was operated as SHPA determined, as an "ambulatory surgical center" (ASC) — an out-patient center where all types of surgery are performed (OCGA § 31-6-2 (1)) — prior to the CON program, and, therefore, whether SHPA properly exempted it from CON requirements.

Contrary to the trial court's opinion, and SHPA's arguments,

---

named party in this action, is.

[4] This opinion does not in any way change the long-standing rule that mandamus does not lie to compel an administrative officer or agency to change a decision made within the exercise of discretion vested in the officer or agency by law. *Wilson v. Sanders*, 222 Ga. 681, 685 (2) (151 SE2d 703, 705) (1966); *Southern Bell v. Ga. Pub. Svc. Comm.*, 203 Ga. 832, 872 (6) (49 SE2d 38) (1948); OCGA § 9-6-21 (a).

nothing in the Act gives SHPA discretion in determining whether or not to grandfather a particular facility. Rather, SHPA is simply authorized to determine whether the facility may be grandfathered under the Act as one which existed and performed the same services prior to the CON program in 1979. Compare *Carnes v. Charlotte Investments*, 258 Ga. 771, 772 (1) (373 SE2d 742) (1988). The trial court was required to determine whether any evidence supported the agency's decision to grandfather the facility.

The trial court's grant of SHC's motion to quash HCA's subpoena for the deposition of the prior owner of the facility was based on the trial court's determination that it was not required to consider the evidence on this issue. Accordingly, the grant of that motion is reversed and remanded to the trial court for reconsideration in light of this opinion.

(b) The trial court erred by dismissing HCA's action for mandamus to compel SHPA to require the facility owner to obtain a certificate of need for the facility in order to relocate it as proposed. Contrary to the trial court's order, and the arguments of SHPA and SHC, nothing in the Act, or in SHPA's rules, gives SHPA authority to exempt the facility from CON requirements if the facility is relocated. The Act and the CON program establish a comprehensive system of planning for the orderly development of adequate health care services throughout the state. OCGA § 31-6-1. The Act sets forth specific circumstances whereby a person offering health care services is exempt from CON requirements. OCGA §§ 31-6-40 (c) (1) and (c) (1.1); 31-6-47. The relocation of a facility such as that proposed does not fall within any of the foregoing statutory exemptions. Nor does OCGA § 31-6-47 (c) give SHPA authority to waive CON requirements in these circumstances. That section allows the agency to promulgate rules establishing procedures for waiving CON review of certain projects where the agency deems non-review "compatible with the purposes of this [The State Health Planning and Development Act]." SHPA has not promulgated any rule which permits non-review of the relocation of a health care facility as proposed here.[5]

(c) Contrary to the trial court's opinion, the doctrine of laches does not bar HCA's action for mandamus. *Addis v. Smith*, 226 Ga.

---

[5] SHPA Rule 272-2-.07(2) cited by SHPA and SHC is not applicable. That rule provides an appellate procedure for certain agency decisions that do not go before the Health Planning Review Board. It does not create an exemption for CON requirements for relocations.

We note that the only part of the Act pertaining to relocations of health care facilities is contained in OCGA § 31-6-45, which allows a change in location from that initially approved for a facility which has not yet been built in certain circumstances, including where the facility cannot be built in the approved location because of a subsequent rezoning. See also OCGA § 31-6-41 (a), providing that a CON is valid *only* for the defined scope and location for which it is granted.

894, 895 (1) (178 SE2d 191) (1970). Cf. *Corey Outdoor Advertising v. Bd. of Zoning*, 254 Ga. 221, 224 (3) (327 SE2d 178) (1985).

*Judgment affirmed in Case No. S94A0160; judgment reversed and remanded in Case No. S93A1898. All the Justices concur.*

DECIDED FEBRUARY 7, 1994 —
RECONSIDERATION DENIED FEBRUARY 18, 1994.

*Phears & Moldovan, H. Wayne Phears, Victor L. Moldovan, R. Linley Laymon, for appellant.*

*Michael J. Bowers, Attorney General, William C. Calhoun, Staff Attorney, Margie Pitts Hames, Long, Aldridge & Norman, Stanley S. Jones, Jr., John W. Ray, Jr., for appellees.*