S95A0089. HCA HEALTH SERVICES OF GEORGIA, INC.
v. ROACH et al.
S95A0126. HCA HEALTH SERVICES OF GEORGIA, INC.
v. STATE HEALTH PLANNING AGENCY.
(458 SE2d 118)

CARLEY, Justice.

In 1986, the State Health Planning Agency (SHPA) "grand-fathered" a health care facility into the Certificate of Need (CON) program and, in 1992, a proposal by Surgical Healthcare Corporation (SHC) to relocate the facility within three miles of its existing location was determined by SHPA to be exempt from CON requirements. HCA Health Services (HCA), as a competitor of SHC, challenged both of SHPA's decisions by filing separate petitions for judicial review and mandamus relief. The trial court dismissed HCA's actions. On appeal, however, this court reversed the dismissal of HCA's mandamus action and remanded for a consideration on the merits. *HCA Health Svcs. v. Roach*, 263 Ga. 798 (439 SE2d 494) (1994).

Before the trial court ruled on the merits of HCA's mandamus action, SHPA promulgated a new rule which would authorize, without any CON review under the Act, the relocation of a health care facility anywhere within three miles and would also exempt facilities, such as SHC's, which previously had requested and received a favorable relocation ruling from SHPA. HCA then filed a complaint for declaratory judgment, seeking a declaration that SHPA's new rule was invalid. HCA was denied both the mandamus and declaratory relief that it sought. HCA appeals from the denial of mandamus relief in Case No. S95A0089 and from the denial of declaratory relief in Case No. S95A0126. The two cases have been consolidated for appeal.

1. As to SHPA's 1986 grandfathering decision, HCA urges that the trial court erred in limiting its review to the administrative record. However, in *HCA Health Svcs. v. Roach*, supra at 801 (3) (a), we held that "[t]he trial court was required to determine whether any evidence supported the agency's decision to grandfather the facility." By so holding, we confined the trial court's review to the administrative record, in a manner analogous to that provided in the Administrative Procedure Act, OCGA § 50-13-19 (g). Consequently, the trial court did not err in considering only the evidence that was before SHPA.

HCA further contends that, even if review is limited to the administrative record, the trial court erred by upholding SHPA's 1986 grandfathering decision. However, the 1986 decision had been based upon a determination that the facility had been operated as an "ambulatory surgical center" (ASC) prior to the effective date of the CON statutes and, under the evidence before SHPA, the facility met the definition of an ASC at the time the CON statutes were enacted in

1979. According to that definition, there was no requirement that all types of surgeries be performed. Ga. L. 1979, pp. 1109, 1110, § 1. HCA urges that the facility could not have been an ASC, because it had not obtained an ASC permit pursuant to OCGA §§ 31-7-1 (1) (D) and 31-7-3 (a) before seeking a CON exemption. However, an ASC permit is not a prerequisite to obtaining a CON or CON exemption. To the contrary, a CON or CON exemption is a prerequisite to obtaining an ASC permit. See OCGA § 31-6-45 (b); *ABC Home Health Svcs. v. Ga. Dept. of Med. Assistance,* 211 Ga. App. 461, 465 (1) (439 SE2d 696) (1993). It follows that the trial court did not err in upholding SHPA's 1986 grandfathering decision.

2. As to the 1992 relocation decision, a CON is generally required for new institutional health services, including the relocation of an existing facility. The General Assembly has provided for exemptions from the Act, but "[t]he relocation of a facility such as that proposed does not fall within any of the . . . statutory exemptions." *HCA Health Svcs. v. Roach,* supra at (3) (b). SHPA contends that it is authorized to add to the legislative list of exemptions pursuant to § 31-6-47 (c) and that, by promulgation of the new rule, it has done so. That statute provides:

> By rule, the planning agency shall establish a procedure for expediting or waiving reviews of certain projects the nonreview of which it deems compatible with the purposes of this chapter, in addition to expenditures exempted from review by this Code section.

HCA contends that OCGA § 31-6-47 (c) is not authority for the promulgation of SHPA's new rule and that the new rule cannot, therefore, support the relocation decision.

A distinction must be drawn between the General Assembly's constitutional authority to enact legislation and SHPA's administrative authority to promulgate rules for the enforcement of the General Assembly's enactments. " 'The difference between the power to pass a law and the power to adopt rules and regulations to carry into effect a law already passed, is apparent and strikingly great. . . . [Cit.]' " *Dept. of Transp. v. Del-Cook Timber Co.,* 248 Ga. 734, 738 (3) (a) (285 SE2d 913) (1982). SHPA's authority can extend only to the performance of the latter administrative function, as it has no constitutional authority to legislate. See generally *Sundberg v. State,* 234 Ga. 482 (216 SE2d 332) (1975). SHPA's construction of its authority under OCGA § 31-6-47 (c) would permit it to do far more than merely administer and effectuate an existing enactment of the General Assembly. SHPA would have complete and unbridled authority to determine what health care facilities are subject to the Act, since it

would have the power to exempt from the mandate of the Act any facility which the General Assembly had left unexempted, but the exemption of which SHPA otherwise "deems compatible with the purposes of" the Act. This construction of OCGA § 31-6-47 (c) would render that statutory provision an unconstitutional delegation to SHPA of the legislative power " 'to define the thing to which the statute is to be applied. . . .' [Cit.]" *Sundberg v. State*, supra at 483.

> This court will never presume that the General Assembly intended to enact an unconstitutional law. Where the language of an act is susceptible of a construction that is constitutional, and another that would be unconstitutional, that meaning or construction will be applied which will sustain the act.

*Glustrom v. State*, 206 Ga. 734, 739 (58 SE2d 534) (1950). OCGA § 31-6-47 (c) is clearly susceptible of a construction that is constitutional. By its terms, that statute provides that SHPA has the constitutional administrative rule-making authority to "establish a procedure for expediting or waiving [its] reviews of certain projects," not that SHPA has the unconstitutional legislative authority to exempt any additional facilities from compliance with the mandate of the Act itself and thereby obviate all subsequent review by the Review Board and the courts. Thus, in order to undertake a new institutional health service or relocation which the General Assembly has not exempted from the Act, a health care facility must file and complete a CON application and SHPA's own review of that application may be expedited or waived in accordance with a rule promulgated pursuant to the authority conferred by OCGA § 31-6-47 (c). If SHPA's own review is waived by operation of a rule promulgated pursuant to OCGA § 31-6-47 (c), those parties who seek to oppose the application will still have a right to a full evidentiary appeal hearing. OCGA § 31-6-44 (c), (d), (f). A complete administrative record will be created and subject to review by the Review Board and the courts. OCGA § 31-6-44 (g), (h), (j), (m).

It follows that SHPA's new relocation rule is invalid. That rule evidences an unconstitutional attempt to add to the legislative list of exemptions established by OCGA § 31-6-47 (a), by purporting to exempt certain relocations from compliance with the statutory CON requirements and thereby denying opposing parties the opportunity to obtain review by the Review Board and the courts.

3. For the reasons discussed, the denial of mandamus relief to HCA in Case No. S95A0089 is affirmed as to the 1986 grandfathering decision and reversed as to the 1992 relocation decision and, in Case No. S95A0126, the denial of declaratory relief to HCA as to the 1992

relocation decision is reversed.

4. HCA's remaining enumerations of error are moot.

*Judgment affirmed in part and reversed in part in Case No. S95A0089. Judgment reversed in Case No. S95A0126. All the Justices concur.*

DECIDED JUNE 12, 1995 —
RECONSIDERATIONS DENIED JUNE 30, 1995.

*Phears & Moldovan, H. Wayne Phears, Victor L. Moldovan, Richard E. Harris,* for appellant.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, William W. Calhoun, Assistant Attorney General, Nelson, Mullins, Riley & Scarborough, Stanley S. Jones, Jr., Jennifer D. Malinovsky,* for appellees.