S96A1487. PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.
v. ROACH et al.
S96A1512. PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.
v. CARDIOLOGY ASSOCIATES OF SAVANNAH, P.C. et al.
S96A1513. STATE HEALTH PLANNING AGENCY et al.
v. CARDIOLOGY ASSOCIATES OF SAVANNAH, P.C. et al.
(480 SE2d 595)

THOMPSON, Justice.

The question posed by these appeals is whether a mobile cardiac catheterization unit which was "grandfathered" and exempt from obtaining a certificate of need when it began operating in Vidalia, Georgia, must obtain a certificate of need in order to operate in Albany, Georgia. The answer is "yes."

Cardiology Associates of Savannah, P.C. ("CAS"), operates a mobile cardiac catheterization unit.[1] Initially, CAS operated its unit

---

[1] A mobile cardiac catheterization unit is a DTR (diagnostic, treatment or rehabilitation) center. OCGA § 31-6-2 (14) (G) (iv). A DTR center offers clinical health services in a setting that is not part of a hospital. OCGA § 31-6-2 (7.1). In 1991, the legislature amended the certificate of need statute to include the regulation of DTR centers which offer cardiac catheterization services. OCGA §§ 31-6-40; 31-6-2 (14) (G) (iv). However, any cardiac catheteriza-

at Meadows Memorial Hospital in Vidalia, Georgia. Because that unit was in operation before January 1, 1992, CAS was "grandfathered" into the certificate of need ("CON") program. When CAS began operating its unit at Palmyra Park Hospital in Albany, Georgia, the State Health Planning Agency ("SHPA") issued a cease and desist order, asserting that CAS could not operate at its new location without a CON.

CAS brought suit to enjoin SHPA from enforcing its cease and desist order. SHPA answered and counterclaimed, seeking an injunction to prohibit CAS from operating its unit at any location other than its original location. Thereafter, CAS and SHPA filed crossmotions for summary judgment. In the meantime, Phoebe Putney Memorial Hospital filed a motion to intervene and consolidate the case with a mandamus action which it had filed against Dottie Roach, SHPA's executive director. In its mandamus action, Phoebe Putney, an Albany hospital which operates a cardiac catheterization lab pursuant to a CON, sought an order to require that Roach prevent Palmyra from offering cardiac catheterization services through CAS's mobile unit.

The superior court concluded that CAS can operate its unit anywhere in the State without obtaining a CON because the CON program does not impose a territorial restriction on mobile labs. Accordingly, it denied SHPA's motion for summary judgment, granted summary judgment to CAS, and issued a permanent injunction prohibiting SHPA from interfering with the operation of CAS's mobile unit. In addition, the superior court denied Phoebe Putney's application for mandamus, as well as its motion to intervene and motion to consolidate. We granted discretionary review and these appeals followed. SHPA appeals in Case No. S96A1513. Phoebe Putney appeals in Case Nos. S96A1487 and S96A1512.

1. *Case No. S96A1513.* The State Health Planning Act provides for the exemption of a health care facility from CON requirements. OCGA §§ 31-6-40 (c) (1), (1.1); 31-6-47. Although the statute permits an exemption for a grandfathered facility, it does not authorize a grandfathered facility to relocate without obtaining a CON. *HCA Health Svcs. v. Roach,* 263 Ga. 798, 801 (439 SE2d 494) (1994). See also *HCA Health Svcs. v. Roach,* 265 Ga. 501, 502 (2) (458 SE2d 118) (1995). The exemption provisions of this statute must be followed closely; deviations are not permitted. See *Chattahoochee Valley Home Health Care v. Healthmaster, Inc.,* 191 Ga. App. 42, 44 (2) (381 SE2d 56) (1989). Thus, in the absence of an express provision authorizing

---

tion service center which was in operation before January 1, 1992, was exempt from CON requirements. OCGA § 31-6-40 (c) (1.1).

an exemption for the relocation of a mobile unit, a mobile unit must obtain a CON if it is relocated. *HCA Health Svcs. v. Roach*, 263 Ga. 798, supra. Inasmuch as the exemption provisions of the State Health Planning Act do not distinguish between fixed facilities and mobile units, we hold that CAS cannot operate at Palmyra without obtaining a CON.

Pointing out that, by its nature, a mobile unit has no set location, CAS asserts that the relocation of a mobile unit cannot be deemed a new service or a new facility requiring the issuance of a CON. See OCGA § 31-6-40 (b). While this argument sounds logical, it cannot withstand scrutiny for two reasons. First, as pointed out above, the State Health Planning Act does not permit a grandfathered facility to relocate in the absence of a CON — and it makes no exception for a mobile unit. Second, if mobile units were to be able to relocate at will, the public policy and purpose of the State Health Planning Act would be jeopardized. After all, the State Health Planning Act was enacted:

> to ensure that adequate health care services and facilities are developed in an orderly and economical manner and are made available to all citizens and that only those health care services found to be in the public interest shall be provided in this state. To achieve this public policy and purpose, it is essential that appropriate health planning activities be undertaken and implemented and that a system of mandatory review of new institutional health services be provided. Health care services and facilities should be provided in a manner that avoids unnecessary duplication of services, that is cost effective, and that is compatible with the health care needs of the various areas and populations of the state.

If we were to permit CAS to relocate its mobile unit without obtaining a CON, the orderly implementation of SHPA's health plan would be disrupted and the work of fixed cardiac catheterization services would be duplicated unnecessarily. The result would be a costly, inefficient health plan. The legislature could not have intended such consequences.

The trial court erred in enjoining SHPA from enforcing its cease and desist order, and in failing to enjoin CAS from operating its mobile unit at a new location without obtaining a CON.

2. *Case Nos. S96A1487 and S96A1512.* In view of our ruling in Division 1, the enumerations of error raised by Phoebe Putney are moot.

*Judgment reversed in Case No. S96A1513. Case Nos. S96A1487 and S96A1512 are dismissed. All the Justices concur.*

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997.

*Parker, Hudson, Rainer & Dobbs, John H. Parker, Jr., Thomas D. Watry,* for Phoebe Putney Memorial Hospital.

*Michael J. Bowers, Attorney General, Alan Gantzhorn, Senior Assistant Attorney General, William W. Calhoun, Assistant Attorney General, John R. Hamilton,* for Roach and State Health Planning Agency.

*Nelson, Mullins, Riley & Scarborough, Stanley S. Jones, Jr., Rebekah N. Murphy, Alysia M. Long,* for Palmyra Park Hospital.

*McCallar & Associates, C. James McCallar, Todd E. Schwartz,* for Cardiology Associates.